```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF RHODE ISLAND


AMANDA U. AJULUCHUKU-LEVY,         :
          Plaintiff,               :
                                   :
     v.                            :      CA 08-538 S
                                   :
CVS CORPORATION,                   :
          Defendant.               :
```

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

On December 29, 2008, Plaintiff Amanda U. Ajuluchuku-Levy ("Plaintiff") filed a Complaint (Document ("Doc.") #1), alleging that Defendant CVS Corporation ("Defendant" or "CVS") had discriminated against her based on her race and physical disability in violation of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990.  See Complaint. Plaintiff also filed on that date an Application to Proceed without Prepayment of Fees and Affidavit (Doc. #2) ("Application"), which was referred to this Magistrate Judge for Determination.  See Docket.  Because I find that this action is frivolous, I recommend that the Application be denied and that her Complaint be dismissed.

**Facts**

In June of 2008, Plaintiff purchased a duffel bag for $31.00 from Defendant's store in Hawthorne, California.  See Complaint ¶

1.  On December 21, 2008, Plaintiff returned to the store and attempted to exchange the bag because she "needed money to purchase certain items ...." Complaint ¶ 1. Plaintiff did not have a receipt. See id.

The store manager would not allow the exchange, stating that the store no longer sold the brand and that more than ninety days had passed since the purchase. See id. ¶ 4. Plaintiff told the manager that other CVS stores had allowed her to exchange items without a receipt and without a time limit. See id. ¶¶ 3, 5. Plaintiff also stated that she did not want another duffel bag, but just wanted to exchange it for makeup, lipstick, and perfume. See id. ¶ 4. The manager observed that "[t]here is something wrong with the duffel bag. It is all torn up[.]" Id. ¶ 5. Plaintiff denied that the bag was torn up and stated that "[t]here is something wrong with the wheels. They do not balance well on the ground. That is precisely why I no longer want it[.]" Id. The manager, however, still refused to allow the return. See id. ¶ 6.

Plaintiff asked the manager for the name and telephone number of the "corporate manager," id. ¶ 6, but the manager replied that she did not know his name and that if Plaintiff wished to complain, Plaintiff should check her CVS card for the number. See id. ¶ 7. Then the manager stated that she had to go and ended the conversation. See id. ¶ 8.

Plaintiff spoke next with a clerk in the store and told the clerk that she would not take the duffel bag home because she had come to exchange it. See id. Plaintiff asked the clerk to give the duffel bag to one of the managers. See id. Plaintiff then left the store and "notified the Hawthorne Police Department about the discrimination that had just occurred at the CVS store ...." Id. ¶ 9.

In her Complaint, Plaintiff alleges that she was intentionally discriminated against because of her disability and race.[1] See id. ¶ 10. She additionally alleges that "Defendant intentionally subjected [her] to systematic acts of terrorism by the unnecessary badgering because Defendant would rather obsess about nothing."[2] Id. Plaintiff further alleges that Defendant is worth almost two hundred billion dollars and that it "can afford to exchange an item of $31.00 given that Defendant profits at their customers' expense." Id. In her prayer for relief, Plaintiff seeks nine trillion dollars in compensatory and punitive damages. See Complaint.

---

[1] Plaintiff's race and the nature of her "physical disability," Complaint ¶ 1, are not reflected in the Complaint, see id. The disability may relate to Plaintiff's ability to grasp items as she states "because of my physical disability, I misplaced the receipt. It must have fallen off my hands." Id.

[2] Plaintiff contends that "an obsession is an act of terrorism." Complaint ¶ 10.

**Discussion**

Plaintiff's complaint can be summarized in a nutshell. Six months after purchasing a $31.00 duffel bag from CVS, Plaintiff attempted to exchange the bag without a receipt. Defendant's store manager refused to allow the exchange. Plaintiff claims that the refusal was due to unlawful discrimination based on her race and physical disability, and she seeks nine trillion dollars in damages.

The Court has little difficulty concluding that this action is frivolous. Plaintiff had the use of the duffel bag for six months. She admits that her primary motivation in seeking to exchange it was because she needed money to purchase other items. She expressed dissatisfaction with the bag only after the manager observed that it did not appear to be in good condition. Under the circumstances, Defendant's refusal to allow the exchange was entirely reasonable and is not evidence of discrimination based on Plaintiff's race or disability.

**Conclusion**

For the reasons stated above, I recommend that the Application be denied and that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2).[3]  Any objection to this

---

[3] Section 1915(e)(2) states that:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10)[4] days of its receipt.  See Federal Rule of Civil Procedure 72(b); District of Rhode Island Local Rule Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
January 8, 2009

---

        (A) the allegation of poverty is untrue; or
        (B) the action or appeal--
           (i)  **is frivolous** or malicious;
           (ii) fails to state a claim on which relief may be granted; or
           (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (bold added).

[4] The ten days do not include intermediate Saturdays, Sundays, or holidays.  See Fed. R. Civ. P. 6(a)(2).